**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 26-1298

Caption [use short title]

**Motion for:** Motion to Dismiss the Appeal of Maria Ecke

In re Purdue Pharma L.P.

Maria Ecke

v.

Purdue Pharma L.P. et al.

Set forth below precise, complete statement of relief sought:

Debtor-Appellee Purdue Pharma L.P. respectfully moves to dismiss Appellant's interlocutory appeal on the basis that the Court is without jurisdiction because the appeal was not certified by the District Court and Appellant did not seek and did not obtain leave of this Court as required under 28 U.S.C. § 1292(b).

**MOVING PARTY:** Purdue Pharma L.P. **OPPOSING PARTY:** Maria Ecke

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☒ Appellee/Respondent

**MOVING ATTORNEY:** Ben Kaminetzky **OPPOSING ATTORNEY:** Not applicable. Opposing party is pro se.

[name of attorney, with firm, address, phone number and e-mail]

Davis Polk & Wardwell LLP

450 Lexington Ave, New York, NY 10017

(212) 450-4000; ben.kaminetzky@davispolk.com

Court- Judge/ Agency appealed from: Southern District of New York, Hon. Nelson S. Roman

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☒ No (explain): Appellant is pro se, and the notification requirement under Local Rule 27.1 only applies "in a case in which all parties are represented by counsel."

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:**

Ben Kaminetzky **Date:** 08/21/2026 Service : ☐ Electronic ☒ Other [Attach proof of service]

**Form T-1080** (rev. 10-23)

# 26-1298-bk

## United States Court of Appeals
*for the*
## Second Circuit

In Re: PURDUE PHARMA L.P.,

*Debtor.*

MARIA ECKE,

*Appellant,*

– v. –

PURDUE PHARMA L.P.,

*Debtor-Appellee.*

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OF PURDUE PHARMA L.P., ET AL., PURDUE MASTER DISBURSEMENT TRUST, MULTI-STATE GOVERNMENTAL ENTITIES GROUP,

*Appellees,*

AD HOC GROUP OF INDIVIDUAL VICTIMS OF PURDUE PHARMA L.P.,

*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

# DEBTOR-APPELLEE'S MOTION TO DISMISS

MARSHALL S. HUEBNER
BEN KAMINETZKY
MARC J. TOBAK
JOSHUA N. SHINBROT
DAVIS POLK & WARDWELL LLP
*Attorneys for Debtor-Appellee Purdue Pharma L.P.*
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

COUNSEL PRESS
A Proceed Service
The Appellate Experts®
(800) 4-APPEAL • (395792)

## CORPORATE DISCLOSURE STATEMENT

Appellee Purdue Pharma L.P. is a liquidating debtor, and as of May 1, 2026, no parent corporation or publicly held corporation owns more than 10% of its stock.

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT .......... 1

BACKGROUND .......... 2

ARGUMENT .......... 6

CONCLUSION .......... 8

## TABLE OF AUTHORITIES

PAGE

CASES

*Garber v. Randell*,
477 F.2d 711 (2d Cir. 1973) .......... 6

*Harrington v. Purdue Pharma L.P.*,
603 U.S. 204 (2024) .......... 3, 4

*In re Purdue Pharma L.P.*,
69 F.4th 45 (2d Cir. 2023) .......... 2, 3

*In re Purdue Pharma, L.P.*,
635 B.R. 26 (S.D.N.Y. 2021) .......... 3

*In re Purdue Pharma L.P.*,
633 B.R. 53 (Bankr. S.D.N.Y. 2021) .......... 3

*In re Purdue Pharma L.P.*,
675 B.R. 632 (Bankr. S.D.N.Y. 2025) .......... 2

*Quackenbush v. Allstate Ins. Co.*,
517 U.S. 706 (1996) .......... 6-7

STATUTES & RULES

28 U.S.C. § 158 .......... 6, 7

28 U.S.C. § 1291 .......... 6

28 U.S.C. § 1292 .......... 1, 6, 7

OTHER AUTHORITIES

9 J. Moore, Federal Practice ¶ 110.13[8] (2d ed. 1972) .......... 6

9A Wright & Miller's Federal Practice & Procedure § 2386 (3d ed. 2025) .......... 7

## PRELIMINARY STATEMENT[1]

Debtor-Appellee Purdue Pharma L.P. respectfully requests that this interlocutory appeal be dismissed because appellate jurisdiction is lacking. Appellant is currently prosecuting in the District Court (Román, J.) an appeal from the November 2025 order of the Bankruptcy Court (Lane, C.J.) confirming the Debtors' Plan of Reorganization [Bankr. Dkt. No. 8263] (the "**Confirmation Order**"). That appeal is not yet fully briefed and has not been decided by the District Court. Appellant filed a Notice of Appeal on May 8, 2026 of an interlocutory order of the District Court [C. D.Ct. Dkt. No. 93] administratively consolidating Appellant's appeal of the Confirmation Order with eight other *pro se* appeals arising from the same order of the Bankruptcy Court (the "**Consolidation Order**").

Appellate jurisdiction is lacking because the Consolidation Order is an interlocutory order which the District Court has not certified for interlocutory review, because Appellant has not made any application to this Court for review, and because this Court has not granted any such application. These are each necessary prerequisites for appellate jurisdiction under 28 U.S.C. § 1292(b). Because appellate jurisdiction is lacking, this appeal should be dismissed.

---

[1] Citations to "Bankr. Dkt. No." refer to the underlying bankruptcy case docketed at No. 19-2364 (Bankr. S.D.N.Y.). Citations to "C. D.Ct. Dkt. No." refer to the consolidated appeals pending in the District Court docketed at No. 25-cv-09681 (S.D.N.Y.). Citations to "D.Ct. Dkt. No." refer to the individual appeal docket for Appellant's pending appeal in the District Court docketed at No. 25-cv-10420.

## BACKGROUND

The history of these cases is set out in detail in this Court's 2023 opinion. *In re Purdue Pharma L.P.*, 69 F.4th 45, 58–61 (2d Cir. 2023). As is relevant here, prior to filing for chapter 11 relief on September 15, 2019, Debtor-Appellee Purdue Pharma L.P. and its affiliated Debtors[2] (together, the "**Debtors**") operated pharmaceutical companies that manufactured, among other things, Food and Drug Administration approved, abuse-deterrent opioid medications, including OxyContin® Tablets ("**OxyContin**"). OxyContin "has been blamed for significantly contributing to one of the largest public health crises in this nation's history," which led to a "veritable deluge of litigation" against Purdue and its former beneficial owners, the Sackler family. *In re Purdue Pharma L.P.*, 69 F.4th at 56. At the time the Debtors filed for bankruptcy protection, they were named defendants in approximately 2,600 lawsuits asserting liability in excess of $8 trillion in connection with the Debtors' marketing, manufacturing, and sale of opioid medications. *In re Purdue Pharma L.P.*, 675 B.R. 632, 647, 658 (Bankr. S.D.N.Y. 2025) (the "**Confirmation Op.**"). The plaintiffs included individuals, corporations, states, territories, Native American tribes, and municipalities. *Id*. at 647. The Debtors were also subject to investigation by multiple arms of the United States Department of Justice. *Id*. at 648.

[2] Only Debtor Purdue Pharma L.P. has been identified as an appellee in this appeal.

In 2021, the Bankruptcy Court confirmed the Twelfth Amended Plan of Reorganization (the "**2021 Plan**"), with overwhelming creditor support. *See generally In re Purdue Pharma L.P.*, 633 B.R. 53 (Bankr. S.D.N.Y. 2021). The 2021 Plan contained nonconsensual third-party releases of certain civil opioid claims held by creditors against members of the Sackler family and their related entities (together, the "**Sacklers**"). In December 2021, the District Court vacated the confirmation order, ruling that the Bankruptcy Code does not authorize nonconsensual third-party releases. *See generally In re Purdue Pharma, L.P.*, 635 B.R. 26 (S.D.N.Y. 2021). In May 2023, a panel of this Court reversed the District Court, holding that such releases are authorized in appropriate circumstances under longstanding precedent. *In re Purdue Pharma L.P.*, 69 F.4th 45, 69–83 (2d Cir. 2023). In June 2024, the Supreme Court, in a 5-4 decision, reversed the Second Circuit, holding that the Code does not authorize the nonconsensual release of claims of a nondebtor against another nondebtor in a plan of reorganization. *See Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 227 (2024) (hereinafter "*Harrington*").

After the Supreme Court decision in *Harrington*, the Debtors and key stakeholders immediately recommenced mediation to assess whether and how to preserve the dozens of intercreditor settlements under the 2021 Plan, to prepare for prosecution of multiple potential causes of action against the Sacklers, and to assess whether it would be possible to create a new plan structure consistent with

*Harrington*. Confirmation Op. at 650–51. After approximately a year of intense mediation, a new plan of reorganization containing only fully consensual opt-in third-party releases was confirmed by the Bankruptcy Court in 2025 (the "**2025 Plan**").

Personal injury claimants like Appellant were given the option to elect to participate in the third-party releases in exchange for enhanced consideration by checking a box on their ballot to vote on the Debtors' Plan. Bankr. Dkt. No. 7615 at 281–84 (the ballot for non-NAS PI Claims); *id.* at 282 (providing boxes for claimants to elect whether to affirmatively grant the third-party releases). Appellant did not elect to participate in the third-party releases. As the Debtors have informed Appellant on numerous occasions, this means Appellant retains any direct claims she may have against the Sacklers or other non-debtor third parties.

The Plan was overwhelmingly supported by creditors, including the United States; all 50 U.S. states, territories, and the District of Columbia; the DOJ-appointed Official Committee of Unsecured Creditors; the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants; the Multi-State Governmental Entities Group; the Ad Hoc Group of Hospitals; Emergency Room Physicians; representatives of babies born with Neonatal Abstinence Syndrome; the Ad Hoc Group of Individual Victims, which represented adult personal injury victims; Public Schools; Ratepayers; Third-Party Payors; and Native American

Tribes. Over 99% of all voting creditors support the 2025 Plan. Bankr. Dkt. No. 8173, Ex. A. No organized creditor group or represented party ultimately opposed confirmation.

A small number of individuals, including the Appellant, all proceeding *pro se*, filed notices of appeal[3] of the Bankruptcy Court's order confirming the 2025 Plan. The District Court administratively consolidated the appeals of the Confirmation Order (the "**Confirmation Appeals**"). Consolidation Order at 6–9. Four of the *pro se* appellants before the District Court, including Appellant, filed notices of appeal of the Consolidation Order, seeking to appeal the interlocutory order to this Court.[4] None sought or obtained certification of the District Court, nor did any seek permission from this Court.

The Confirmation Appeals[5] have not yet been fully briefed and are currently pending before the District Court. C. D.Ct. Dkt. No. 95. After an evidentiary

[3] Bankr. Dkt. No. 8330.
[4] *Bass v. Purdue Pharma*, No. 7:25-cv-10282 (S.D.N.Y 2025), Dkt. No 73; *Walker v. Purdue Pharma*, No. 7:25- cv-09681 (S.D.N.Y 2025), Dkt. No. 97; *Ecke v. Purdue Pharma*, No. 7:25-cv-10420 (S.D.N.Y. 2025), Dkt. No. 44; *Morales v. Purdue Pharma*, No. 7:25-cv-10158 (S.D.N.Y 2025), Dkt. No. 53.
[5] *See Bass v. Purdue Pharma*, No. 7:25-cv-10282 (S.D.N.Y 2025); *Isaacs v. Purdue Pharma*, No. 7:25-cv-10427 (S.D.N.Y 2025); *Morales v. Purdue Pharma*, No. 7:25-cv-10158 (S.D.N.Y 2025); *Pitts-Tillman v. Purdue Pharma*, No. 7:25-cv-10433 (S.D.N.Y 2025); *Walker v. Purdue Pharma*, No. 7:25- cv-09681 (S.D.N.Y 2025); *Redwood v. Purdue Pharma*, No. 7:25-cv-10327 (S.D.N.Y 2025); *Ecke v. Purdue Pharma*, No. 7:25-cv-10420 (S.D.N.Y. 2025); *Jannotta v. Purdue Pharma*, No. 7:25-cv-10646 (S.D.N.Y. 2025); *Williams v. Purdue Pharma*, No. 7:26-cv-00045 (S.D.N.Y. 2026).

hearing, the Bankruptcy Court denied motions for a stay pending appeal, including by Appellant. Bankr. Dkt. No. 8727. The District Court also denied a stay motion by Appellant. *See, e.g.*, D.Ct. Dkt. No. 45. On May 1, 2026, the 2025 Plan became effective. Bankr. Dkt. No. 9133. The Debtors' operating assets were transferred to a public benefit company, and, among many other things, all of their remaining cash and non-cash assets, including billions of dollars moved from the Debtors and the Sacklers to creditors and creditor trusts. 2025 Plan § 5.4(a). The Debtor-Appellee is currently liquidating.

## ARGUMENT

The Court lacks appellate jurisdiction because this is an appeal of an interlocutory order of the District Court for which Appellant has not sought or obtained certification from the District Court or leave from this Court.

Title 28 vests the Courts of Appeals with jurisdiction over "all *final* decisions of the district courts of the United States." 28 U.S.C. § 1291 (emphasis added); *see also* 28 U.S.C. § 158(d). A procedural order, such as an order administratively consolidating appeals, is "discretionary and interlocutory" and "not ordinarily appealable." *Garber v. Randell*, 477 F.2d 711, 714–15 & n.2 (2d Cir. 1973) (noting that a consolidation order is "appealable only by certification and permission under 28 U.S.C. § 1292(b)") (quoting 9 J. Moore, Fed. Prac. ¶ 110.13 [8] at 183 (2d ed. 1972)); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)

(explaining that "a decision is ordinarily considered final and appealable under § 1291 only if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (internal quotation marks omitted); *see* 9A Wright & Miller's Federal Practice & Procedure § 2386 (3d ed. 2025).

The Courts of Appeals have discretionary jurisdiction over appeals of interlocutory orders not involving an injunction. *See* 28 U.S.C. § 1292(b). Appellate jurisdiction over such orders exists only if both the district court and this Court grant permission. First, the district judge issuing the order must certify "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*; *see also* 28 U.S.C. § 158(d)(2). Next, upon certification, the appellant may petition the Court of Appeals, which has discretion to "permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order." 28 U.S.C. § 1292(b).

Here, Appellant did neither. Appellant never asked for and never obtained the District Court's certification of her appeal of the Consolidation Order. Appellant also did not apply to this Court for permission to appeal and did not obtain such permission. The Court therefore lacks jurisdiction over this appeal.

## CONCLUSION

For the foregoing reasons, the Debtor-Appellee respectfully requests that the Court dismiss Appellant's appeal.

Dated: August 21, 2026
New York, New York

Respectfully Submitted,

*/s/ Ben Kaminetzky*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Ben Kaminetzky
Marc J. Tobak
Joshua N. Shinbrot

*Attorneys for Debtor-Appellee Purdue Pharma L.P.*

## Certificate of Compliance

It is hereby certified that the foregoing Motion to Dismiss is in compliance with Federal Rule of Appellate Procedures 27 and 32 and with the local rules of the Second Circuit. The foregoing was printed in 14-point proportional font and, including footnotes and headings, contains 1683 words.

Dated: New York, New York

August 21, 2026

/S/ *Ben Kaminetzky*

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

**AFFIDAVIT OF SERVICE BY OVERNIGHT EXPRESS MAIL**

I, Tyrone Heath, 1702 Clay Avenue, Apt 11, Bronx, New York 10457, being duly sworn, depose and say that deponent is not a party to the action, is over 18 years of age and resides at the address shown above

On **August 21, 2026**

deponent served the within: **Debtor-Appellee's Motion To Dismiss**

**upon:**

**Maria Ecke**
***Plaintiff-Appellant Pro Se***
**8 Glenbrook Drive**
**West Simsbury, CT 06092**
**860-658-7745**

the address(es) designated by said attorney(s) for that purpose by depositing **1** true copy(ies) of same, enclosed in a postpaid properly addressed wrapper in a Post Office Official Overnight Express Mail Depository, under the exclusive custody and care of the United States Postal Service, within the State of New York.

**Sworn to before me on August 21, 2026**

Mariana Braylovskiy

MARIANA BRAYLOVSKIY
Notary Public State of New York
No. 01BR6004935
Qualified in Richmond County
Commission Expires March 30, 2030

T. Heath

**Job# 395792**